Case: 4:26−cv−10587
Assigned To : Behm, F. Kay
Referral Judge: Patti, Anthony P.
Assign. Date : 2/18/2026
Description: CMP VINSON v WASHTENAW COUNTY COMMUNITY MENTAL HEALTH ET AL (JP)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

TRACEY ALEXANDER VINSON

3421 Platt Road, Apt. 3

Ann Arbor, MI 48108

Phone: 734-572-6676

Email: KellyAlexander2027@gmail.com

Plaintiff, Pro Se

v.

WASHTENAW COUNTY COMMUNITY MENTAL HEALTH

and

EMILY RADAR-SHEITZ, Social Worker

Defendants.

Civil Action No. _____

JURY TRIAL DEMANDED

SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. §§ 1981, 1983, 1985, 1986; U.S. Const. Amends. I, IV, V, XIV)

INTRODUCTION

This civil rights action arises from the retaliatory misuse of Michigan's involuntary mental health commitment system to deprive Plaintiff of liberty and constitutional rights.

Plaintiff is an enlisted United States Army service member, former healthcare provider for the State of Michigan, and a Cherokee Native Aboriginal citizen.

FACTUAL ALLEGATIONS

On October 7, 2025, Atlanta Police responded to a 911 call concerning Darryl Kelly Vinson's attempted assault against Plaintiff in Georgia. Darryl Kelly Vinson attempted to flee, was stopped and detained, and later released at Plaintiff's request after investigation confirmed Plaintiff's safety.

Despite this documented incident, false statements were allegedly provided to Washtenaw County Community Mental Health.

Defendant Emily Radar-Sheitz initiated or caused to be initiated a petition and pick-up order for involuntary psychiatric evaluation without proper investigation.

The pick-up order has not been executed. However, community mental health staff and Washtenaw County law enforcement have allegedly pursued Plaintiff outside jurisdiction and across state lines attempting execution.

Law enforcement officers accompanied by community mental health personnel came repeatedly to Plaintiff's residence at 3421 Platt Road, Apt. 3, Ann Arbor, Michigan 48108, including during late-night hours, banging and kicking on the door in an intimidating manner.

All the attempts to resolve this issue with community mental health, staff have been denied by the people at their office

Plaintiff asserts these actions were coercive and retaliatory.

Plaintiff has since relocated out of state for safety.

CLAIMS FOR RELIEF

Count I – Fourth Amendment (42 U.S.C. § 1983)

Unreasonable seizure and attempted seizure without probable cause.

Count II – Fourteenth Amendment (42 U.S.C. § 1983)

Deprivation of liberty without due process.

Count III – First Amendment Retaliation (42 U.S.C. § 1983)

Retaliation for asserting lawful self-defense rights.

Count IV – Equal Protection (42 U.S.C. § 1983)

Discriminatory enforcement of mental health procedures.

Count V – 42 U.S.C. § 1981

Racial discrimination in governmental enforcement.

Count VI – 42 U.S.C. § 1985(3)

Conspiracy to interfere with civil rights.

Count VII – 42 U.S.C. § 1986

Failure to prevent civil rights violations.

And plaintiff requests 1billion dollars for compensation for continued violations by Washtenaw county staff for 20 years

RELIEF REQUESTED

Plaintiff seeks compensatory damages in the amount of $1,000,000,000 (One Billion Dollars), punitive damages, declaratory relief, injunctive relief, attorney's fees under 42 U.S.C. § 1988, and all other relief deemed just and proper.

JURY DEMAND

Plaintiff demands trial by jury.

-------------------------------------------------------

EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65 for a Temporary Restraining Order.

Plaintiff seeks immediate injunctive relief prohibiting Defendants, their agents, Washtenaw County Community Mental Health staff, and associated law enforcement from:

1. Executing or attempting to execute the outstanding pick-up order;

2. Pursuing Plaintiff across state lines;

3. Engaging in late-night or coercive attempts to detain Plaintiff;

4. Retaliating against Plaintiff for exercising constitutional rights.

Plaintiff asserts irreparable harm in the form of unlawful seizure, deprivation of liberty, emotional distress, and constitutional violations.

Plaintiff further asserts there is no adequate remedy at law and that the balance of equities and public interest favor protection of constitutional rights.

WHEREFORE, Plaintiff respectfully requests this Court issue a Temporary Restraining Order and any further appropriate injunctive relief.

Respectfully submitted,

Tracey Alexander Vinson

Plaintiff, Pro Se

Date: __02/18/2026_____