UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY ALEXANDER VINSON,                     Case No. 26-10587

      Plaintiff,                                          F. Kay Behm

v.                                                        United States District Judge

WASHTENAW COUNTY COMMUNITY
MENTAL HEALTH, *et al.*,

      Defendants.

_____ /

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED *IN FORMA PAUPERIS* (ECF No. 2) AND
<u>SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT (ECF No. 1)</u>**

Plaintiff, Tracey Vinson, proceeding *pro se*, filed a complaint against

Defendants on February 18, 2026.  (ECF No. 1).  Defendants are Washtenaw

County Community Mental Health and Emily Radar-Sheitz, a social worker.

(ECF No. 1).  Plaintiff alleges federal question jurisdiction, claiming violations

of 42 U.S.C. § 1983, § 1981, § 1985, and § 1986.  *Id*.  Plaintiff filed an

application to proceed *in forma pauperis* on February 18, 2026.  (ECF No. 2).

The court finds the application supports Plaintiff's claims and **GRANTS** the

application to proceed *in forma pauperis*.  However, for the reasons set forth

below, the court **DISMISSES** Plaintiff's complaint without prejudice for failure

1

to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e).

## I.   STANDARD OF REVIEW

The court must read a *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  All complaints, however, must plead facts sufficient to show that a legal wrong has been committed from which the plaintiff may be granted relief.  *See* Fed. R. Civ. P. 12(b)(6).  A complaint need not contain "detailed factual allegations," however, a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000).  Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive

2

lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke*, 490 U.S. at 325.  Frivolous claims include those that are "based on an indisputably meritless legal theory" or describe "fantastic or delusional scenarios."  *Id.* at 327-28.

## II.    ANALYSIS

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. at 678.  Additionally, a claim must have "facial plausibility," meaning it includes facts sufficient to allow the court to

"draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The factual underpinnings of Plaintiff's complaint are as follows:

On October 7, 2025, Atlanta Police responded to a 911 call concerning Darryl Kelly Vinson's attempted assault against Plaintiff in Georgia. Darryl Kelly Vinson attempted to flee, was stopped and detained, and later released at Plaintiff's request after investigation confirmed Plaintiff's safety.

Despite this documented incident, false statements were allegedly provided to Washtenaw County Community Mental Health.

Defendant Emily Radar-Sheitz initiated or caused to be initiated a petition and pick-up order for involuntary psychiatric evaluation without proper investigation.

The pick-up order has not been executed. However, community mental health staff and Washtenaw County law enforcement have allegedly pursued Plaintiff outside jurisdiction and across state lines attempting execution.

Law enforcement officers accompanied by community mental health personnel came repeatedly to Plaintiff's residence at 3421 Platt Road, Apt. 3, Ann Arbor, Michigan 48108, including during late-night hours, banging and kicking on the door in an intimidating manner.

(ECF No. 1, PageID.2).  Plaintiff claims these allegations constitute violations of  42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986.

To succeed under § 1981, a plaintiff must allege and prove that a defendant's actions were purposefully discriminatory and racially motivated, and may not rely entirely on conclusory allegations.  *Brewster v. Cooper Indus., Inc.*, No. CIV.A. 05-CV-482KKC, 2005 WL 2403734, at *6 (E.D. Ky. Sept. 28, 2005); *Chapman v. Higbee Co.*, 319 F.3d 825, 832–33 (6th Cir. 2003) (en banc) ("[T]o prevail on a section 1981 claim, a litigant must prove intentional discrimination on the basis of race.").  The complaint contains no allegation that any defendant intentionally discriminated against Plaintiff on the basis of race.  *Wilcoxon v. Bernard*, No. 22-12779, 2024 WL 4349189, at *8 (E.D. Mich. Sept. 30, 2024), *aff'd*, No. 24-1937, 2026 WL 1129334 (6th Cir. Apr. 13, 2026) "Plaintiff's allegations regarding Defendant's alleged discriminatory intent in her proposed amended complaint are entirely conclusory and insufficient to support a discrimination claim under § 1981.") (citing *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012) ("A complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." (citation

omitted)).  At most, the complaint contains an allegation that Plaintiff is "Cherokee Native Aboriginal citizen" and that there was "[r]acial discrimination in governmental enforcement."  (ECF No. 1, PageID.2, 3).  Where a plaintiff merely mentions race in the complaint and provides no facts surrounding broad and conclusory allegations, as Plaintiff does here, his § 1981 must fail.  *See Davis v. Bard*, No. CIV.A.4:05CV-P173-M, 2006 WL 2588023, at *4 (W.D. Ky. Sept. 7, 2006).  Accordingly, Plaintiff's § 1981 claim must be dismissed for failure to state a claim on which relief may be granted.

As to § 1985, Plaintiff fails to allege any facts suggesting that Defendants' purported actions were motivated by racial animus or were class-based.  Again, Plaintiff merely alleges that he is a "Cherokee Native Aboriginal citizen" and that there was "a conspiracy to interfere with his civil rights."  (ECF No. 1, PageID.2, 3).  Section 1985 "only covers conspiracies against: 1) classes who receive heightened protection under the Equal Protection Clause...."  *Bartell v. Lohiser*, 215 F.3d 550, 559–60 (6th Cir. 2000) (citing *Browder v. Tipton,* 630 F.2d 1149 (6th Cir.1980)).  Construed liberally, Plaintiff's complaint does not allege that Defendants were motivated by racial, or other class-based, discriminatory animus.  Accordingly, Plaintiff's

6

§ 1985 claim must be dismissed for failure to state a claim on which relief may be granted.

And because Plaintiff has no viable claim under 42 U.S.C. § 1985, he also has no claim under 42 U.S.C. § 1986.  "Section 1986 establishes a cause of action against anyone, who has knowledge of a conspiracy under § 1985, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." *Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (internal quotation marks omitted).  Because the complaint does not state a claim under § 1985, it necessarily follows that there can be no liability under § 1986.  *Id*. at 315; *Bass v. Robinson*, 167 F.3d 1041, 1051 n. 5 (6th Cir.1999).  Accordingly, Plaintiff's § 1986 claim must be dismissed for failure to state a claim on which relief may be granted.

Finally, Plaintiff asserts several claims under § 1983.  However, none of them appear to be related to a policy, pattern, or practice claim under *Monell* and thus fail to state a claim against Washtenaw County Community Mental Health.  "[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue.  *Respondeat superior* or vicarious liability will not attach under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Servs. of*

7

*City of New York*, 436 U.S. 658, 694–95 (1978)) (emphasis original).  "To prevail in a § 1983 suit against a municipality, a plaintiff must show that the alleged federal right violation occurred because of a municipal policy or custom."  *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  To prove an unlawful custom or policy, "[t]he plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations."  *Id.*  Nothing in Plaintiff's complaint suggests an attempt to allege an unlawful custom or policy of Washtenaw County Community Mental Health.  Accordingly, the complaint fails to state any § 1983 claim against Washtenaw County Community Mental Health.

As to the § 1983 claims against Defendant Radar-Sheitz, the only factual allegation in the complaint involving her is that she initiated a petition and pick-up order for involuntary psychiatric evaluation without a proper investigation.  (ECF No. 1, PageID.2).  "[I]t is 'well-settled' that civil rights claims 'must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'"  *Briscoe v. Jackson*, 285 F. App'x 205, 208

8

(6th Cir. 2008) (quoting *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008)

(citation omitted)).  Plaintiff has not connected the sparse factual allegation

against Radar-Sheitz to any of his causes of action under § 1983.  Plaintiff's

vague and conclusory assertions of liability, unsupported by material facts,

fail to state a plausible § 1983 claim against Radar-Sheitz.  *Farhat v. Jopke*,

370 F.3d 580, 599 (6th Cir. 2004) ("[V]ague and conclusory allegations that

are unsupported by material facts are not sufficient to state a § 1983 claim.")

(citing *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)); *see also Lillard

v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) ("[I]n the context

of a civil rights claim, ... conclusory allegations of unconstitutional conduct

without specific factual allegations fail to state a claim under section 1983.")

(citation omitted).

The remainder of Plaintiff's complaint sets forth factual allegations and

legal claims that he fails to connect to any named Defendant.  "These

unconnected allegations and/or claims fail to state a claim upon which relief

may be granted as to any named Defendant."  *Morton v. George*, No. 4:22-CV-

036-KAC-CHS, 2023 WL 223175, at *3 (E.D. Tenn. Jan. 17, 2023) (citing *Frazier

v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint

must allege that the defendants were personally involved in the alleged

9

deprivation of federal rights" to state a claim upon which relief may be granted under Section 1983); *see also Butler v. Christian*, No. 2:07-CV-201, 2010 WL 1875708, at *2 (E.D. Tenn. May 10, 2010) (Allegations were vague and conclusory and failed to state a § 1983 claim where complaint did not show how the conduct violated the plaintiff's rights or how the plaintiff had been harmed by the alleged wrongful conduct.).

Similarly, Plaintiff's "counts" of the complaint for his § 1983 claims merely contain vague and conclusory phrases like "[u]nreasonable seizure and attempted seizure without probable cause" for his Fourth Amendment claim, "[d]eprivation of liberty without due process" for his Fourteenth Amendment claim, "[r]etaliation for asserting lawful self-defense rights" for his First Amendment retaliation claim, and "[d]iscriminatory enforcement of mental health procedures" for his Equal Protection claim. (ECF No. 1, PageID.2-3). These phrases are "not connected to any supporting factual averment" and thus are "[c]onclusory allegations or legal conclusions masquerading as factual conclusions" that do not suffice under § 1983. *Holden v. City of Saginaw*, No. 05-10057-BC, 2007 WL 1266359, at *5 (E.D. Mich. Apr. 30, 2007) (quoting *Mezibov v. Allen,* 411 F.3d 712, 716 (6th Cir. 2005)).

For all of the foregoing reasons, Plaintiff's § 1983 claims must be dismissed for failure to state a claim on which relief may be granted.

## III.    CONCLUSION

For the reasons set forth above, Plaintiff's claims are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e).

**SO ORDERED**.

Date: June 16, 2026                          s/F. Kay Behm
                                             F. Kay Behm
                                             United States District Judge